JULIUS LEAUX, Appellant, *v.* THE CITY OF NEW YORK, Defendant, Impleaded with JAMES JACOBS, Respondent. (No. 2.)

*Negligence — injury from an opening into a sewer on demised premises becoming out of repair — liability of the lessee, after notice thereof and his agreement to repair it, to his employee injured because thereof.*

In an action brought against the city of New York and one Jacobs to recover damages for personal injuries sustained by the plaintiff while employed by the defendant Jacobs in a restaurant conducted by Jacobs in Central Park, New York, it appeared that the city of New York had granted to Jacobs the privilege of selling refreshments in the restaurant, and that the instrument conferring such privilege required Jacobs "to make at his own proper cost and expense from time to time, as may be required, all repairs, renewals and renovations necessary to place and maintain said building in good and proper condition of said Commissioner during the period of this license. All such repairs, renewals and renovations shall be made under the direction of said Commissioner."

Jacobs also agreed to "indemnify and save harmless the said parties of the first part and said Department from all suits or proceedings to recover damages for injuries received by or through the said party of the second part, his agent, servants or employees."

In the middle of a passage leading to certain buildings used in connection with the restaurant was a sewer manhole which was covered by an iron cover. It was a part of the plaintiff's duty to place ice in a machine which stood at the side of this passageway and in the immediate vicinity of the manhole.

Nine or ten days before the accident the plaintiff discovered that the cover of the manhole was broken and he immediately informed Jacobs of that fact and Jacobs replied that he would have it repaired. On the morning of the accident, while the plaintiff was putting ice into the breaker, he slipped upon something upon the pavement and his foot struck the broken cover of the manhole, and in consequence of its broken condition he fell into the manhole.

*Held,* that it was error for the court to dismiss the complaint as against Jacobs;

That, without regard to whether, as between Jacobs and the city of New York, the former was bound to keep the manhole cover in repair, the fact that the ice breaker was so situated that one using it would be apt to fall into the manhole if the cover of the manhole was unsafe, made it incumbent upon Jacobs, upon receiving notice that the cover was broken, either to move the ice breaker to a safe place or to repair the manhole cover;

That Jacobs having promised to have the manhole cover repaired, it could not be said that the plaintiff was guilty of contributory negligence in continuing to work with knowledge of the unsafe condition of the manhole cover.

APPEAL by the plaintiff, Julius Leaux, from a judgment of the Supreme Court in favor of the defendant James Jacobs, entered in the office of the clerk of the county of New York on the 2d day of

February, 1903, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term as against the defendant James Jacobs.

*Frederick Wiener*, for the appellant.

*Alexander Thain*, for the respondent.

INGRAHAM, J.:

The defendant Jacobs was occupying the premises under an agreement with the department of parks of the city of New York whereby the city of New York by the department of parks " granted and by these presents do grant to the said party of the second part the privilege of selling refreshments in the restaurant building near the ' Arsenal ' in said park   *   *   *   for the term of five (5) years from the first day of February, 1901, unless this agreement be sooner revoked, canceled or annulled, as herein provided." In consideration thereof Jacobs covenanted, and agreed to pay to the department of parks ten per cent of his gross receipts and " to make at his own proper cost and expense from time to time, as may be required, all repairs, renewals and renovations necessary to place and maintain said building in good and proper condition of said Commissioner during the period of this license. All such repairs, renewals and renovations shall be made under the direction of said Commissioner;" and that " he will indemnify and save harmless the said parties of the first part and said Department from all suits or proceedings to recover damages for injuries received by or through the said party of the second part, his agents, servants or employees." This agreement was dated the 25th day of January, 1901.

The plaintiff was an employee of Jacobs engaged in manufacturing ice cream for use in the restaurant, and had been so employed for the summer of 1901. The premises occupied by Jacobs consisted of a restaurant and several buildings used in connection therewith, which were all inclosed. At the rear of the restaurant there was a kitchen and icehouse and a shed for the storing of materials, and between the icehouse and the shed there was a passageway paved with stone pavement. In the middle of this passageway, between the icehouse and the shed, there was a manhole for a sewer. Jacobs' employees were in the habit of removing this manhole and throwing refuse into the sewer. The plaintiff testified that about

the first of September he noticed that the iron cover to this hole was broken so that it was loose; that on that day he informed Jacobs of the fact that this cover was broken, and Jacobs replied that he would send for a man to fix it; that the plaintiff continued his work, and as a part of his duty it was necessary for him to obtain ice from the house and put it in an ice-breaking machine that was located against the icehouse in the immediate vicinity of this manhole; that on the morning of the accident, eight, nine or ten days after he had first noticed that the cover to the hole was broken, he took a piece of ice from the house and carried it through the passageway to the breaker, and, while putting the ice in the breaker, his foot slipped; that he struck the cover to this manhole and fell into the sewer, sustaining injuries to recover for which he brought this action.  The plaintiff says he slipped upon a piece of banana peel, or something upon the pavement; just what, he does not know, but slipping upon the pavement his foot struck this broken cover to the manhole, and in consequence of the condition of the cover he fell into the sewer.

At the end of the plaintiff's testimony the complaint was dismissed as against Jacobs.  We think this was error, and that the case should have been submitted to the jury.  The agreement with the department of parks gives Jacobs the right to use the restaurant building, but as a matter of fact Jacobs had, under this authority, the exclusive control of the building and passageway within the inclosure, and occupied these buildings for the purpose of carrying on his business.  From the testimony it would appear that the plaintiff, to do his work, was required to use this passageway from the icehouse to the breaker, and, while breaking the ice, had to stand in the passageway quite close to the manhole, and while in this position, engaged in his master's business, he fell into the manhole and was injured.  Undoubtedly Jacobs was not responsible for the fact that the plaintiff slipped upon the banana peel, or whatever substance was upon the pavement; but the jury were justified in finding that if the cover to the manhole had been in repair the plaintiff would not have fallen into the sewer, and for the injuries sustained in consequence of his falling into the sewer the jury would have been justified in finding Jacobs liable.  The plaintiff being in Jacobs' employ, it was Jacobs' duty to furnish

him with a safe and proper place to work, and it is for a failure to perform that duty for which the defendant can be held liable. It was not the plaintiff that placed this ice breaker in the position in which it was placed; and in order to do the work that he was required to do it was necessary for him to use the breaker. It was certainly as much Jacobs' duty to see to it that the pavement in front of the ice breaker where the plaintiff was required to stand was in a safe condition as it was that the machine itself was proper and safe to use; and a failure to keep the pavement in such a condition would be a failure to perform the duty of providing the plaintiff with a safe and proper position in which to do his work.

It is not necessary for us to determine that, as between the defendant Jacobs and the city of New York, Jacobs was bound to keep this manhole cover in repair. It is sufficient if the breaker was in such a situation in relation to the manhole that one using it would be apt to fall in if the cover was unsafe, with notice that it was unsafe, to throw the burden upon Jacobs of either moving the breaker to a safe place, or seeing that such repairs were made as would make the manhole safe. That the master owed to his servant the duty of providing a place reasonably safe for the work which he was directed to do, and that a failure to perform such a duty makes the master liable to the servant for any injuries sustained in consequence of a neglect of that duty, is a proposition too well settled to require the citation of authorities. (*Pantzar* v. *Tilly Foster Iron Mining Co.*, 99 N. Y. 368; *Kranz* v. *Long Island R. Co.*, 123 id. 1.)

Nor do we think that the plaintiff was, as a matter of law, guilty of contributory negligence which would prevent his recovery. The plaintiff undoubtedly had knowledge of the unsafe condition of the cover of the manhole; and with such knowledge, his continuing to work there would be an assumption of the risk, and would relieve the master from responsibility, were it not that the plaintiff brought home to the knowledge of the master the fact of the insecure condition of the cover of the manhole, and in response to that notice the master promised to have it repaired. In the recent case of *Rice* v. *Eureka Paper Company* (174 N. Y. 385) the Court of Appeals have decided that if a servant who has knowledge of defects in

appliances or machinery, from which danger is to be apprehended, is induced to continue at work on the premises by the promise of the master to make the necessary repairs, the risk of employment becomes that of the master and not of the servant, and the master is responsible for any damages which the servant may sustain in the ordinary use of the appliance by reason of such defect. This rule, we think, applies to this case. Immediately upon the discovery of the unsafe condition of the manhole, the plaintiff communicated the fact to the master and received from him a promise that he would send for a man to repair it. Relying upon that promise, the plaintiff continued to work. It was the promise of the defendant to make the repairs necessary to render the place a safe one for the employee to work in that threw upon the defendant the responsibility for any accident, that happened to his employee, resulting from a failure to keep the premises in a safe condition.

We think, therefore, that the dismissal of this complaint cannot be sustained, and that the judgment dismissing the complaint as to Jacobs should be reversed and a new trial ordered, with costs to the appellant to abide the event. ·

VAN BRUNT, P. J., PATTERSON, HATCH and LAUGHLIN, JJ., concurred.

Judgment dismissing the complaint reversed and new trial ordered, with costs to appellant to abide event.